# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for Florida
Community Bank,

                    Plaintiff,

-vs-                                   Case No.  2:12-cv-148-FTM-99DNF

STEPHEN L. PRICE, BEAUFORD
DAVIDSON, PATRICK LANGFORD, JON
R. OLLIFF, D.D.S, JAMES O'QUINN,
BERNARD RASMUSSEN, and DANIEL
ROSBOUGH,

                    Defendants.

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 23) filed by all of the

Defendants other than Stephen Price[1] (henceforth, the "Movants") and the response (Doc. 39) filed

by the FDIC.

## I.      Background

According to the allegations of the Complaint (Doc. 1), which are accepted as true for

purposes of resolving this motion, the instant case arises out of the failure of Florida Community

Bank ("FCB"), which was closed by the Florida Office of Financial Regulation on January 29,

2010.  The Movants were all directors of the bank in the years preceding its closure.  In its capacity

_____

[1]Defendant Price filed a Suggestion of Bankruptcy (Doc. 17) on April 30, 2012 and the case
as to him (including Count II, which was asserted only against Price) has been stayed.

as receiver for FCB, the FDIC seeks to hold the Movants liable for alleged negligence under

Florida law (Count I) and alleged gross negligence under the Financial Institutions Reform,

Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(b), *et seq.* (Count III) for

approving a series of loans that were not repaid, costing the bank tens of millions of dollars.

Briefly stated, the FDIC alleges that the Movants approved the loans at issue in a deteriorating real

estate market for projects that had not received the minimum required scrutiny – often despite

insufficient collateral, excessive loan-to-value ratios, and questionable appraisals – all in violation

of the bank's lending policy.[2]   The FDIC also alleges that the Movants ignored warnings from

regulators about the lack of oversight.

   The Movants argue that Count I should be dismissed because Florida law only allows

recovery against bank directors for gross negligence, and they contend that Count III should be

dismissed because the FDIC's allegations, even taken as true, do not rise to the level of gross

negligence.

## II.   Legal Standard

   Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the

claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2

L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

---

   [2]In conjunction with their motion, the Movants seek to rely on four documents that were filed
under seal at their request: three reports filed by bank examiners and a copy of the FCB loan policy.
Although these documents may eventually be relevant to the issue of whether the Defendants fulfilled
their duties as bank directors, the Movants have not shown any way in which the documents are
relevant to the issue of whether the FDIC has stated a claim.   Accordingly, the Court has not
considered those documents in connection with the instant Rule 12(b)(6) motion.

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a

claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.

*Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the

Court must accept the factual allegations as true and construe the complaint in the light most

favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court

must also limit its consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV.

P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the

speculative level,  *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the

required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  Conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not

prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint

need not contain detailed factual allegations, "but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis**

    **A.    Count One – Negligence Under State Law**

Assuming *arguendo* that the FDIC can proceed under Florida law directly rather than under FIRREA – a topic not addressed by the parties – the FDIC's claim in Count One (titled "Negligence Under State Law") is governed by Fla. Stat. § 607.0830 (titled "General standards for directors"), which provides in pertinent part as follows:

> (1) A director shall discharge his or her duties as a director, including his or her duties as a member of a committee:
>
> (a) In good faith;
>
> (b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
>
> (c) In a manner he or she reasonably believes to be in the best interests of the corporation.

Fla. Stat. § 607.0830(1).

Clearly, this section imposes an ordinary negligence standard of care on directors, and the FDIC argues that a violation of this section is sufficient under Florida law to impose liability upon directors such as the Movants.  In response, the Movants point to Fla. Stat. § 607.0831, titled "Liability of directors," which provides in pertinent part that

> (1) A director is not personally liable for monetary damages to the corporation or any other person for any statement, vote, decision, or failure to act, regarding corporate management or policy, by a director, unless:
>
> (a) The director breached or failed to perform his or her duties as a director; and
>
> (b) The director's breach of, or failure to perform, those duties constitutes:
>
> 1. A violation of the criminal law, unless the director had reasonable cause to believe his or her conduct was lawful or had no reasonable cause to believe his or

her conduct was unlawful. A judgment or other final adjudication against a director in any criminal proceeding for a violation of the criminal law estops that director from contesting the fact that his or her breach, or failure to perform, constitutes a violation of the criminal law; but does not estop the director from establishing that he or she had reasonable cause to believe that his or her conduct was lawful or had no reasonable cause to believe that his or her conduct was unlawful;

2. A transaction from which the director derived an improper personal benefit, either directly or indirectly;

3. A circumstance under which the liability provisions of s. 607.0834[3] are applicable;

4. In a proceeding by or in the right of the corporation to procure a judgment in its favor or by or in the right of a shareholder, conscious disregard for the best interest of the corporation, or willful misconduct; or

5. In a proceeding by or in the right of someone other than the corporation or a shareholder, recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Thus, under Florida law, imposition of liability on a director requires not only a violation of the duty of ordinary care set forth in Fla. Stat. § 607.0830, but a violation that falls into one of the five categories set forth in Fla. Stat. § 607.0831(b).  Turning to those five categories, in the instant case there are no allegations of criminal violations (Fla. Stat. § 607.0831(1)(b)(1)), improper personal benefits (Fla. Stat. § 607.0831(1)(b)(2)), or unlawful distributions (Fla. Stat. § 607.0831(1)(b)(3)). In addition, the suit is brought by the FDIC in its capacity as receiver, so Fla. Stat. § 607.0831(1)(b)(5) would not apply.  The only one of these five categories that could conceivably apply to the instant case would be Fla. Stat. § 607.0831(1)(b)(4), which would require a showing that the directors' failures constituted "conscious disregard for the best interest of the corporation,

---

[3]Fla. Stat. § 607.0834 covers the topic of unlawful distributions by a corporation.

or willful misconduct." Whether such conscious disregard or willful misconduct is the equivalent of gross negligence is not a question the Court must answer to resolve the instant motion. Either way, the statute conditions directorial liability on something beyond ordinary negligence, and the FDIC's count asserting a claim for ordinary negligence must therefore be dismissed. *See also FDIC v. Gonzalez-Gorrondona*, 833 F.Supp. 1545, 1556 (S.D.Fla. 1993) ("In sum, prior to [the enactment of Fla. Stat. § 607.0831], the law of Florida imposed liability on corporate directors and officers for simple negligence, and after that date, Florida imposed liability only for acts constituting more than gross negligence.").

**B.   Count III – Gross Negligence Under FIRREA**

In pertinent part, FIRREA provides as follows:

(k) Liability of directors and officers

A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation--

(1) acting as conservator or receiver of such institution,

(2) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed by such receiver or conservator, or
(3) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed in whole or in part by an insured depository institution or its affiliate in connection with assistance provided under section 1823 of this title,

for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

12 U.S.C. § 1821(k).

In Count III, the FDIC asserts a claim for gross negligence pursuant to FIRREA.  The Movants argue that the FDIC's factual allegations do not rise to the level of gross negligence, in that they do not assert "the lack of even slight care" or "shockingly unjustified and unreasonable action."  However, the FDIC alleges that the Movants approved the loans at issue despite knowledge of the failing real estate market and despite the fact that, among other things

• The Movants ignored warnings from regulators that, among other things, the bank's appraisal review process was deficient, its loan policy was inadequate, and its allowance for loan and lease losses deficient.

• Some of the loans had loan-to-value ratios exceeding the amount allowed by the bank's loan policy and limits set by regulators.

• Loans were made to borrowers/guarantors who had not demonstrated sufficient liquidity to pay down the loan, including one loan in which the borrower was allowed to use loan proceeds to pay closing costs.

• The Movants approved a loan that exceeded the 25 percent lending limit on secured loans set by Fla. Stat. § 658.48.

This is just a sampling of the allegations raised by the FDIC.  The Court finds that the FDIC's allegations are sufficient at this stage of the proceedings to state a claim for gross negligence.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**.  Count One is **DISMISSED WITH PREJUDICE**.  In all other respects, the motion is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 8, 2012.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party