IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
FLORIDA COMMUNITY BANK,

          Plaintiff,                    CIVIL ACTION NO.
                                        2:12-cv-148-FTM-99DNF

vs.

STEPHEN L. PRICES, BEAUFORD
DAVIDSON, PATRICK LANGFORD,
JON R. OLLIFF, D.D.S., JAMES
O'QUINN, BERNARD RASMUSSEN, and
DANIEL ROSBOUGH,

          Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

      Defendants, BEAUFORD DAVIDSON, PATRICK LANGFORD, JON R. OLLIFF, D.D.S., JAMES O'QUINN, BERNARD RASMUSSEN, and DANIEL ROSBOUGH, by and through their undersigned counsel, file this Answer to the Complaint filed by Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC"), as Receiver for Florida Community Bank, as follows[1]:

### FIRST DEFENSE

      Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

---

[1]    This action has been stayed as to Defendant, Stephen L. Price in accordance with this Court's Order dated May 1, 2012; therefore no response from this Defendant is required to any allegations or causes of action directed to Defendant Price, including Count II of Plaintiff's Complaint.

**SECOND DEFENSE**

Specifically responding to the enumerated and non-enumerated paragraphs of the Complaint, Defendants answer as follows:

**I. INTRODUCTION**

1.      Defendants admit that the FDIC and Florida Office of Financial Regulation ("FOFR") were the primary federal and state regulators for Florida Community Bank ("FCB") and on January 29, 2010 FCB was closed by the FOFR, and the FDIC was named as Receiver, in which capacity it purports to file its Complaint. Defendants are without knowledge or information sufficient to form a belief as to the material loss to the Deposit Insurance Fund, and therefore deny same.

2.      In response to paragraph 2, the allegations of Complaint speak for themselves, to which Defendants deny any and all allegations of negligence, gross negligence or breach of fiduciary duty, wrongdoing or loss caused thereby.

3.      Defendants admit that Beauford Davidson, Patrick Langford, Jon R. Olliff, James O'Quinn, Bernard Rasmussen, Daniel Rosbough served as Outside Directors of FCB and that Stephen L. Price served as President, Chief Executive Officer, and as a member of the Board of Directors during the relevant time period and at the time of FCB's closure.   Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint.

## II. JURISDICTION AND VENUE

8.      Defendants admit that this Court has jurisdiction over this action.

9.      Defendants admit that this Court has jurisdiction over them, but state that the action has been stayed as to Defendant Price.

10.     Defendants admit that this Court has venue over this action.

## III. PARTIES

11.     In response to the allegations contained in paragraph 11 of the Complaint, Defendants admit that the FDIC was appointed as Receiver of FCB on or about January 29, 2010 and that its rights as such are established by federal statute and applicable court decisions, but deny any allegation inconsistent therewith and any other allegations of paragraph 11.

12.     Defendants admit that Defendant Price served in the positions alleged in paragraph 12 of the Complaint until FCB was closed except Defendants deny that Defendant Price served as a member of the Audit Committee. Defendants further state that bur for the Order staying these proceedings as to Defendant Price, this Court has jurisdiction over him.   With respect to the allegations contained in the footnote to

paragraph 12, Defendants state that the obligations of the Audit Committee are set forth in its Charter and deny any allegations inconsistent therewith.

13.     Defendants admit that Defendant Davidson served in the positions alleged in paragraph 13 of the Complaint until FCB was closed and that this Court has jurisdiction over him.

14.     Defendants admit that Defendant Langford served in the positions alleged in paragraph 14 of the Complaint until FCB was closed and that this Court has jurisdiction over him.

15.     Defendants admit that Defendant Olliff served in the positions alleged in paragraph 15 of the Complaint until FCB was closed and that this Court has jurisdiction over him.

16.     Defendants admit that Defendant O'Quinn served in the positions alleged in paragraph 16 of the Complaint until FCB was closed and that this Court has jurisdiction over him.

17.     Defendants admit that Defendant Rasmussen served in the positions alleged in paragraph 17 of the Complaint until FCB was closed and that this Court has jurisdiction over him.

18.     Defendants admit that Defendant Rosbough served in the positions as alleged in Paragraph 18 of the Complaint until FCB was closed and that this Court has jurisdiction over him.

## IV. <u>FACTS COMMON TO ALL COUNTS</u>

### A. Florida Community Bank's Devolution to an Unsound Bank

19.     In response to the allegations contained in paragraph 19 of the Complaint, Defendants state that FCB opened in 1923 as the Bank of the Everglades. Defendants further state that FCB changed its name to First Bank of Immokalee in 1966 and changed its name to Florida Community Bank in 1996.

20.     In response to the allegations contained in paragraph 20 of the Complaint, Defendants state that the periodic Call Reports that FCB filed on a quarterly basis (the contents of which speaks for themselves), reflect the growth of FCB over time, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

21.     In response to the allegations contained in paragraph 21 of the Complaint, Defendants state that historically the lending practice at FCB had been predominately agriculture-based, but the Bank shifted its focus in response to economic and climatic pressures, which included expansion of its markets and lending practices. Defendants further state that this shift took place before 2003. Defendants deny the remaining allegations of this paragraph.

22.     In response to the allegations contained in paragraph 22 of the Complaint, Defendants state that the terms of CRE loans made by FCB are set forth in the applicable loan documents, the terms of which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith. Defendants are without knowledge with respect to other bank's practices and procedures,

and therefore deny same. In further response, Defendants admit that FCB had a Loan Policy, the content of which speaks for itself, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     In response to the allegations contained in paragraph 25 of the Complaint, Defendants state that the terms of ADC and CRE loans made by FCB are set forth in the applicable loan documents, the terms of which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith. Defendants are without knowledge with respect to other bank's practices and procedures, and therefore deny same. In further response, Defendants admit that FCB had a Loan Policy, the content of which speaks for itself, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     In response to the allegations contained in paragraph 27 of the Complaint, Defendants state that the FCB Loan Policy and other applicable policies of FCB governed CRE and ADC loans and deny any allegations inconsistent therewith. Defendants are without knowledge or information regarding other banks' practices, and therefore deny same.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, which are therefore denied.

29.     In response to the allegations contained in paragraph 29 of the Complaint, Defendants state that the terms of loans made by FCB are reflected in the loan documents, the terms of which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.  Defendants are without knowledge or information sufficient to form a belief as to other banks' practices, and therefore deny same.

30.     In response to the allegations contained in paragraph 30 of the Complaint, Defendants state that the terms of loans made by FCB are reflected in the loan documents, the terms of which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith. Defendants are without knowledge or information sufficient to form a belief as to other banks' practices, and therefore deny same.

31.     In response to the allegations contained in paragraph 31 of the Complaint, Defendants deny that they were officers of FCB, and state that, as Directors, their responsibilities and duties were set forth by the Articles of Incorporation of FCB, in Fla. Stat. §607.830(1), and in Florida law.  Defendants further state that as Directors, they were entitled to rely upon the officers, advisors, and consultants of FCB in fulfilling their responsibilities to FCB.  Defendants deny any allegations of this paragraph inconsistent with these principles.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 33 of the Complaint, which are therefore denied.

34.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 34 of the Complaint, which are therefore denied.

35.     Paragraph 35 of the Complaint does not contain any factual allegations, therefore no response is required.  To the extent a response to this paragraph is required, Defendants deny all allegations.

36.     In response to the allegations to paragraph 36 of the Complaint, Defendants state that requirements regarding the establishment of reserves are governed by Generally Accepted Accounting Principles ("GAAP"), the requirements of which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

37.     Paragraph 37 of the Complaint does not contain any factual allegations, therefore no response is required.  To the extent a response to this paragraph is required, Defendants deny all allegations.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

**B. Regulatory Criticism of Florida Community Bank and Defendants' Response**

40.     In response to the allegations contained in paragraph 40 of the Complaint, Defendants state that the regulator's comments are reflected in the FDIC Reports of Examination and other regulatory correspondence, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

41.     In response to the allegations contained in paragraph 41 of the Complaint, Defendants state that the regulator's comments are reflected in the FDIC Reports of Examination and other regulatory correspondence, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

42.     Defendants state that on May 30, 2007, FCB entered into a Stipulation and Consent Agreement with the FOFR, and on October 7, 2008 entered into a Cease and Desist Order with the FDIC, the contents of which speak for themselves, and Defendants deny Plaintiff's characterizations of the same and any allegations inconsistent therewith. Defendants further deny the remaining allegations of paragraph 42 of the Complaint.

**C. FCB's Loan Policies During the Applicable Time Period**

43.     In response to the allegations contained in paragraph 43 of the Complaint, Defendants state that FCB's Loan Policy speaks for itself, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

44.     In response to the allegations of paragraph 44 of the Complaint, Defendants state that the Board of Directors reviewed and amended the Loan Policy from time to time, but deny that there was an obligation to do so on a specified schedule.

45.     In response to the allegations contained in paragraph 45 of the Complaint, Defendants state that the regulator's comments are reflected in the FDIC Reports of Examination and other regulatory correspondence, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

### D. The Loss Loans and Violations of FCB's Loan Policy

47.     In response to the allegations contained in paragraph 47 of the Complaint, Defendants admit that FCB made loans and that certain borrowers were unable to meet the terms of the loans, which resulted in losses to FCB.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 47 of the Complaint, which are therefore denied.

48.     In response to the allegations of paragraph 48 of the Complaint, Defendants state that the requirements of loan approval were set forth in FCB's Loan Policy, the content of which speaks for itself, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.  In further response, Defendants state that in voting on a particular loan, Defendants were entitled to rely upon the information that was provided to them by officers of FCB, which they did, and are

without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 48, which are therefore denied.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

### 1 & 2. Lake Eve Development, LLC

50.     In response to the allegations contained in paragraph 50 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

51.     In response to the allegations contained in paragraph 51 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 53 of the Complaint, which therefore denied.

### 3. Bermont Loop, LLC

54.     In response to the allegations contained in paragraph 54 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the

loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

55.     In response to the allegations contained in paragraph 55 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loan, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 57 of the Complaint, which are therefore denied.

### 4. Arboretum Development, LLC

58.     In response to the allegations contained in paragraph 58 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

59.     In response to the allegations contained in paragraph 59 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

### 5. Eagle Federal, LLC

61.     In response to the allegations contained in paragraph 61 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

62.     In response to the allegations contained in paragraph 62 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

### 6. & 7.Hidden Harbor Preserve, Inc.

64.     In response to the allegations contained in paragraph 64 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

65.     In response to the allegations contained in paragraph 65 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

**8. Jerry Williams, Jr.**

67. In response to the allegations contained in paragraph 67 of the Complaint, Defendants state that the applicable bank loan files reflect the terms and approval of the loans, which speak for themselves, and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

68. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68 of the Complaint, which are therefore denied.

**E. Negligent and Grossly Negligent Failures of the Defendants
to Discharge Their Duties as Bank Directors**

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

## V. CLAIMS FOR RELIEF

### Count I — Negligence Under State Law
### (Against the Outside Directors for Losses Incurred on Loss Loans)

84.     Defendants incorporate by reference their responses to paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85. – 97.    In response to the allegations contained in paragraphs 85 through 97 of the Complaint, Defendants state the Court dismissed Plaintiff's claims for ordinary negligence in its Order dated August 8, 2012, therefore no response to these paragraphs is required.  To the extent a response is required, Defendants deny the allegations in these paragraphs.

**COUNT II — State Law Negligence**
**(Against Price as Officer)**

98. – 120.    In response to the allegations contained in paragraphs 98 through 120 of the Complaint, Defendants state that this action is stayed by the Court's Order dated May 1, 2012 with respect to Defendant Price, and therefore no response is required.

**COUNT III — Gross Negligence Under FIRREA**
**(Against All Defendants as Directors and Price as Officer)**

121.    In response to the allegations contained in paragraph 121 of the Complaint, Defendants admit that Plaintiff's Complaint purports to bring an action pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(k), et seq. ("FIRREA"), but deny that there is any basis for such claim or that any such claim has been properly asserted.

122.    Defendants incorporate by reference each response to the allegations in paragraphs 1 through 121 as if fully set forth herein.

123.    In response to the allegations contained in paragraph 123 of the Complaint, Defendants state that Section 1821(k) of FIRREA speaks for itself; and Defendants deny Plaintiff's characterizations of same and any allegations inconsistent therewith.

124.    The allegations in paragraph 124 of the Complaint are based in whole or in part on conclusions of law to which no response is required.  To the extent a response is required to this paragraph, Defendants deny all allegations.

125.    Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in paragraph 134 of the Complaint.

## VI. PRAYER FOR RELIEF

135.    In response to the allegations contained in paragraph 135 of the Complaint, Defendants state that Rule 38 of the Federal Rules of Civil Procedure speaks for itself, and deny any allegations inconsistent therewith.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.    This action and all claims against Defendant Price are stayed by Oder of the Court, and therefore no response is required.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because the conduct challenged by Plaintiff constitutes the reasonable exercise of business judgment by Defendants. After considering all reasonably available information, Defendants exercised their business judgment to make informed business decisions that they honestly believed in good faith were in the best interest of the Bank.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants acted in good faith at all times, including (without limitation) relying and acting in good faith upon information, opinions, reports and/or statements, including financial statements and other financial data, that were prepared and/or presented by:

(1)    One or more officers or employees of the Bank whom Defendants

reasonably believed to be reliable and competent in the matters presented;

(2)     Consultants, public accountants, and/or other persons as to matters which Defendants reasonably believed were within such person's professional or expert competence; and/or

(3)     Committees of the Board of Directors upon which Defendants did not serve, duly designated in accordance with a provision of the Bank's Articles of Incorporation and/or Bylaws, as to matters within such committee's designated authority, which Defendants reasonably believed to merit confidence.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because they seek to impose personal liability upon these Defendants for alleged damages resulting from intervening causes and/or events that were not within Defendants' control and were historic, global, unforeseeable, and unforeseen by countless reasonable persons, including the FOFR, the FDIC and other government agencies and regulators charged with monitoring and regulating financial institutions. Such agencies and regulators failed to take preventative steps to avoid the disastrous decline in real estate value nationally, the near-collapse of global credit markets, and the epidemic failures of the financial institutions they were responsible for regulating. Among other causes, all of the aforementioned caused and/or contributed to the alleged damages sought by Plaintiff independent of any alleged conduct of Defendants.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part because of its actions, which

intervened to cause substantial damage to, and/or waste of, the assets and capital of the Bank, and which caused and/or contributed to the alleged damages sought by Plaintiff.

### SEVENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff's actions prevented the Bank from mitigating damages resulting from unforeseeable intervening events.

### EIGHTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because they seek to impose personal liability upon these Defendants for alleged damages resulting from the actions and/or conduct of others.

### NINTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendants reasonably and in good faith relied on bank examiners and regulators.

### TENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendants reasonably and in good faith relied upon information, reports, opinions, and statements provided by persons, government agencies, and regulatory authorities, including the FOFR and the FDIC, with professional and/or expert competence.

### ELEVENTH DEFENSE

.Plaintiff's purported claims are barred in whole or in part by the applicable statute(s) of limitation, statute(s) of repose and/or the doctrine of laches.

### TWELFTH DEFENSE

To the extent Defendants had any knowledge of and/or belief in the facts on which Plaintiff purports to base their alleged liability (which knowledge is expressly denied), such knowledge is imputed to the Bank and, thus, to Plaintiff, as Receiver of the Bank.    As a result, Plaintiff is estopped from asserting its purported claims against Defendants, and such claims are thus barred in whole or in part.

### THIRTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff failed, neglected, and/or refused to mitigate damages as required by law.

### FOURTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because the FOFR, the FDIC and/or others failed, neglected and/or refused to mitigate damages as required by law.

### FIFTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff's alleged damages, if any, were not proximately caused by any wrongdoing on the part of Defendants.

### SIXTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendants acted within the scope of their authority.

### SEVENTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because of Plaintiff's

acts, omissions, representations and courses of conduct, on which Defendants were led to rely to their detriment, and/or to the extent Plaintiff accepted the benefits of the Defendants' alleged wrongful conduct.

**EIGHTEENTH DEFENSE**

Plaintiff's purported claims are barred in whole or in part to the extent Plaintiff consented to, authorized and/or ratified Defendants' alleged wrongful conduct.

**NINETEENTH DEFENSE**

Plaintiff's purported claims are barred in whole or in part to the extent the FOFR and/or the FDIC consented to, authorized and/or ratified Defendants' alleged wrongful conduct.

**TWENTIETH DEFENSE**

Defendants allege, upon information and belief, that the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of others, including but not limited to Plaintiff, the FDIC, and the FOFR. Thus, the liability of the responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability of Defendants, if any, should be reduced accordingly.

WHEREFORE, having fully answered the Complaint of Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver for Florida Community Bank, Defendants respectfully request that this Court grant the following relief:

1.      Deny all claims for relief asserted by Plaintiff against Defendants in the

Complaint and enter judgment for Defendants on all causes of action; and

      2.     Grant Defendants such other and further relief as this Court may deem just

and proper.

      Respectfully submitted this the 22nd day of August, 2012.

ALSTON & BIRD LLP

*s/Mary C. Gill*
Mary C. Gill admitted *pro hac vice*
Georgia Bar No. 294776
Austin M. Hall admitted *pro hac vice*
Georgia Bar No. 310751
1201 W. Peachtree Street
One Atlantic Center
Atlanta, Georgia 30309
Telephone: (404) 881-7276
Fax: (404) 881-7777

COHEN & GRIGSBY, P.C.

*s/Kelley Geraghty Price*
Kelley Geraghty Price
Florida Bar No. 889539
Mercato – Suite 6200
9110 Strada Place
Naples, Florida 34108
Telephone: (239) 390-1913
Facsimile: (239) 390-1901

*Counsel for Defendants Stephen L. Price,*
*Beauford Davidson, Patrick Langford, Jon*
*R. Olliff, James O'Quinn, Bernard*
*Rasmussen, Daniel Rosbough*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 22, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Carla M. Barrow, cmb@lydeckerdiaz.com and Carlos Luis de Zayas, cdz@lydeckerlaw.com.

*s/Kelley Geraghty Price*
Kelley Geraghty Price
Florida Bar No. 889539

1783103.v1